**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT F. KIRBY, MICHAEL J.
MASHAW,

       Plaintiffs - Appellants,

vs.

CYPRUS AMAX MINERALS
COMPANY,

       Defendant - Appellee.

No. 98-2341
(D.C. No. CIV-97-799-LCS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY**, and **BRISCOE**, Circuit Judges.[**]

      Plaintiffs Robert F. Kirby, et al. ("employees") appeal from the

district court's grant of summary judgment in favor of defendant Cyprus Amax

Minerals Company ("Cyprus Amax") on their claim that they were owed damages

under the WARN Act. Because the parties are familiar with the facts of this case,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

we need only refer to those pertinent to our analysis. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.1999).

In 1986, Amax Potash Corporation, a wholly-owned subsidiary of Amax, Inc., began a potash mining operation under a federal government lease. In February of 1992, Amax Inc. sold 100% of the stock of Amax Potash to Horizon Gold. The potash lease, which had been assigned to Amax Potash by Amax Inc., was one of the assets. After acquisition, Horizon Gold changed the name of Amax Potash to Horizon Potash, Inc., but the name of the lesee was never changed on the lease. It remained "Amax Potash Corporation."

From February 1992, Horizon Potash was the employer of all mine employees. No Amax entity owned any stock or assets of any Horizon entity, nor did they share directors. In July 1993, Horizon Potash permanently closed the mine and laid off all mine workers. The workers were not given 60 days' notice of the closing, in violation of the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2101 -2109. Horizon Potash and its parent company are now bankrupt; the employees seek WARN Act damages from Cyprus Amax, the successor after merger to the former parent company, Amax, Inc.

The WARN Act imposes liability on "any employer" that fails to give sixty

days notice of an upcoming plant closing or layoff. 29 U.S.C. § 2104. Although Cyprus Amax was admittedly not the employer at the time the mine closed, the employees attempt to rely on the language of the federal lease. The lease provided that Amax Potash would "pay all wages due miners and employees . . . at least twice each month in lawful money of the United States." Because the named lease was never changed on BLM records, the employees contend that Amax Potash is still liable for wages, and that WARN Act damages constitute wages under the lease. This argument is not persuasive.

Quite simply, the WARN Act applies only to employers. Cyprus Amax cannot be considered an employer under the Act, and therefore, cannot be liable to the employees. Congress clearly did not intend to hold a former owner of an entity liable for the inaction of a purchaser. See 29 U.S.C. § 2101(b)(1): ("After the effective date of the sale of part or all of an employer's business, the purchaser shall be responsible for providing notice . . . ."); See also 20 C.F.R. § 639.4(c) ("The buyer is responsible for providing notice of any plant closing or mass layoff that takes place [after the effective date of the sale]."). Imposing damages on a party that had no responsibility or capacity to give notice would serve no statutory purpose, especially because § 2104 is "designed to penalize the wrongdoing employer, [and] deter future violations . . . ." Carpenters Dist. Council v. Dillard Dept. Stores, Inc., 15 F.3d 1275, 1285 (5th Cir. 1994). A non-

employer cannot be liable for WARN Act damages.  AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge